J-S56043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ORONDE C. DANIELS, | |
| Appellant | No. 450 MDA 2014 |

Appeal from the PCRA Order February 11, 2014
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0001672-2011

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 14, 2014**

Appellant, Oronde C. Daniels, appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, without a hearing. We affirm.

The PCRA court aptly set forth the background of this case in its November 26, 2013 opinion as follows:

> [Appellant] was on parole for firearm and drug offenses. His parole agent received a letter from an inmate in the county prison, who knew and previously resided with [Appellant]. The letter indicated that [Appellant] possessed guns and controlled substances in his residence. The parole agent went to [Appellant's] residence and asked to enter and look around, which [Appellant] allowed. When the agent entered [Appellant's] bedroom, he smelled the odor of raw marijuana. The agent then began to search the bedroom for marijuana. The

_____

* Retired Senior Judge assigned to the Superior Court.

agent picked up a pair of pants and found a gun in one of the pockets. The agent then called the Williamsport police who, based on the agent's observations, obtained a search warrant for [Appellant's] residence. The search warrant resulted in the discovery of another firearm, marijuana, and drug paraphernalia, including a digital scale.

[Appellant] was charged with person not to possess a firearm, possession with intent to deliver a controlled substance [(PWID)], and possession of drug paraphernalia.[1] He filed a motion to suppress to challenge the search of his residence by his parole agent, which was denied.

On October 2, 2012, [Appellant] entered a guilty plea to person not to possess a firearm and [PWID] in exchange for a sentence of [five] to [ten] years of incarceration. On that date, the court sentenced [Appellant] in accordance with the plea agreement.

On June 3, 2013, [Appellant] filed a PCRA petition in which he asserted in a vague and conclusory manner that there was a conflict of interest . . . and his guilty plea was illegally obtained or induced by ineffective counsel. The court appointed counsel for [Appellant] and gave counsel the opportunity to either file an amended PCRA petition or a "no merit" letter in accordance with *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 [A.2d] 213 (1988) [(*en banc*)]. After obtaining a transcript of the guilty plea and sentencing hearing and corresponding with [Appellant], counsel filed a motion to withdraw, which included a *Turner*/*Finley* no merit letter.

(PCRA Court Opinion, 11/26/13, at 1-2).

On November 26, 2013, the court issued a Rule 907 notice of its intent

to dismiss the petition without a hearing, and a supporting opinion. ***See***

Pa.R.Crim.P. 907(1). On December 18, 2013, Appellant timely responded

_____

[1] 18 Pa.C.S.A. § 6105(a), and 35 P.S. §§ 780-113(a)(30) and (a)(32), respectively.

and, on February 11, 2014, the court granted counsel's motion to withdraw;[2]

and subsequently dismissed Appellant's petition. Appellant timely

appealed.[3]

Appellant raises two questions for this Court's review:

1. Was trial counsel ineffective under the Sixth Amendment when there existed a conflict of interest when the attorney represented both [Appellant] and the witness who initiated the proceedings against him?

2. Was trial counsel ineffective under the Sixth Amendment for causing [Appellant] to enter a guilty plea that was not knowing, voluntary and intelligent?

(Appellant's Brief, at 4).

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

_____

[2] The order originally entered on February 11, 2014 did not address counsel's motion to withdraw but, on March 12, 2014, the court filed an order amending the February 11, 2014 order to include the granting of counsel's motion. (**See** Order, 3/12/14, at 1).

[3] Pursuant to the court's order, Appellant filed a timely Rule 1925(b) statement of errors on April 2, 2014, and the court filed a Rule 1925(a) opinion on April 4, 2014, in which it relied on the reasons stated in its November 26, 2013 opinion and order. **See** Pa.R.A.P. 1925.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

To obtain relief on a claim for ineffective assistance of counsel, Appellant must establish: "(1) that the [underlying] claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987)). Failure to prove any of the three prongs prevents an appellant from succeeding on the claim. *See Commonwealth v. Robinson*, 877 A.2d 433, 439 (Pa. 2005) (citation omitted).

In his first issue, Appellant alleges that counsel rendered ineffective assistance because of a conflict of interest that resulted in his involuntary guilty plea. (*See* Appellant's Brief, at 9-11). Specifically, Appellant claims that "the criminal proceedings against [him were initiated] by the witness/complainant [who] was being represented by the same Public Defenders Office [as Appellant,]" which resulted in "counsel's unwillingness to take this case to trial." (Appellant's Brief, at 10). This issue lacks merit.

It is well-settled that "[a] defendant cannot prevail on a conflict of interest claim absent a showing of actual prejudice." *Commonwealth v. Weiss*, 81 A.3d 767, 794 (Pa. 2013) (citations omitted); *see also*

- 4 -

***Commonwealth v. Hawkins***, 787 A.2d 292, 297 (Pa. 2001) (requiring a post-conviction petitioner to demonstrate that counsel's prior representation of a Commonwealth witness adversely affected counsel's representation of the petitioner).

However, other than speculation, Appellant provides no evidence of actual prejudice. (***See*** Appellant's Brief, at 8-10). Indeed, a review of the record reveals that Appellant's guilty plea resulted in the Commonwealth withdrawing its charge of possession of drug paraphernalia. (***See*** Order, 10/08/12, at unnumbered page 2). It also waived the mandatory minimum sentence on the charge of PWID that it could have sought because a firearm was located in close proximity to the controlled substance. (***See*** PCRA Ct. Op., at 4; N.T. Guilty Plea and Sentencing Hearing, 10/02/12,[4] at 21); ***see also*** 42 Pa.C.S.A. § 9712.1; ***Commonwealth v. Hawkins***, 45 A.3d 1123, 1131 (Pa. Super. 2012), *appeal denied*, 53 A.3d 756 (Pa. 2012) (noting that presence of controlled substance and firearm in same residence satisfies the close proximity requirement of section 9712.1).

Accordingly, Appellant has failed to establish that his underlying claim of counsel's conflict of interest has any merit. (***See*** Appellant's Brief, at 8-

---

[4] The cover of the transcript for the guilty plea and sentencing hearing contains the date of October 10, 2012. However, this appears to be a typographical error because the docket confirms that Appellant entered his guilty plea on October 2, 2012. Therefore, we will use that date in identifying the hearing notes of testimony.

10); *see also Weiss*, *supra* at 794; *Robinson*, *supra* at 439; *Kimball*, *supra* at 333.  Additionally, a review of the record reveals that Appellant's guilty plea was knowingly, voluntarily, and intelligently entered.

It is well-settled that "[a] plea of guilty is unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent."  *Commonwealth v. Rachak*, 62 A.3d 389, 394 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citing 42 Pa.C.S.A. § 9543(a)(iii)).  Further,

> [i]n order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing.  He bears the burden of proving otherwise.  [**Commonwealth v.**] **Pollard**, 832 A.2d [517,] 523 [(Pa. Super. 2003)] (citations omitted).  "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established."  *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) [(citation omitted)].

*Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2006).  Therefore, "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that

contradict statements made when he pled." ***McCauley***, ***supra*** at 922 (citation omitted).

In this case, during the guilty plea and sentencing hearing, Appellant testified that he was not suffering from the effects of anything that would render him unable to understand the proceedings. (***See*** N.T. Guilty Plea and Sentencing Hearing, 10/02/12, at 3). He stated that he had sufficient time to discuss his case and his decision to plead guilty with his attorney, and that she had addressed any concerns that he had. (***See id.*** at 6). Although Appellant stated that he was not one hundred percent satisfied with counsel's representation, (***see id.*** at 6; ***see also*** Written Guilty Plea, 10/02/12, at 5 ¶ 25), the court expressly questioned him about this statement and he responded that there were no issues about his case that he wanted to discuss with counsel and there was nothing he wanted her to do that she had not done. (***See*** N.T. Guilty Plea and Sentencing Hearing, 10/02/12, at 6-7). Appellant instead asked the court about how the Commonwealth and his attorney arrived at his sentence, and he indicated that he understood the explanation and that he had no other questions. (***See id.*** at 7-8).

Appellant also agreed that he was entering his plea in a "knowing, intelligent, and voluntary manner." (***Id.*** at 8). Appellant testified that he knew what he was doing, what the Commonwealth would have to prove if he went to trial, the risks and maximum sentences he could incur, the rights he

was giving up by pleading guilty, the consequences of pleading guilty, and that it was his choice to do so. (*See id.*). He admitted that he was guilty of the charges of person not to possess a firearm and possession with intent to deliver marijuana, the factual basis of the guilty plea, and that he had previous convictions for possession with intent deliver. (*See id.* at 8-9).

Additionally, Appellant completed a written guilty plea. (*See* Written Guilty Plea, 10/02/12, at 1-6). In the written guilty plea, Appellant stated that his attorney explained all of the elements of the crimes to which he intended to plead guilty. (*See id.* at 2 ¶ 2, 5 ¶ 24). He represented that he could read, write, and understand English, that he was not under the influence of any alcoholic beverages or drugs, and that he was not receiving treatment for any mental health issues. (*See id.* at 5 ¶¶ 26, 30, 6 ¶ 32). Appellant stated that it was his decision to plead guilty. (*See id.* at 5 ¶ 21). Importantly, the written guilty plea contained the following language to which Appellant responded, "yes:" "Do you understand that by pleading guilty you are waiving, or giving up, your right to file any pre-trial motions[,] waiving any such motions already filed[, and] giving up your right to appeal any adverse decisions on any motions already heard by the court?" (*Id.* at 3 ¶ 15).

Therefore, based on our review of the thorough written guilty plea and the hearing notes of testimony, we conclude that the PCRA court properly found that Appellant's guilty plea was knowingly, voluntarily, and

intelligently entered. (*See* PCRA Ct. Op., at 6). Additionally, there is no evidence that an "inducement caused the petitioner to plead guilty and the petitioner is innocent." *Rachak*, *supra* at 394. Accordingly, Appellant's first issue lacks merit. *See Carter*, *supra* at 682.

Similarly, in his second issue, Appellant argues that "trial counsel rendered ineffective assistance . . . where [he] was coerced into entering into a guilty plea that was not knowing[], voluntary, nor intelligent[]." (Appellant's Brief, at 11). Specifically, he claims that "[t]he proceedings in this matter were rushed" and he "was not made completely aware that by his pleading guilty he would not be able to relitigate . . . his suppression motion."[5] (*Id.* at 11). We disagree.

Appellant provides no evidence to support his claim that the proceedings were "rushed," (Appellant's Brief, at 11), and the record reveals that Appellant expressly was made aware that, by pleading guilty, he would not be able to appeal any pre-trial rulings. (*See* Written Guilty Plea, 10/02/12, at 3; *see also* N.T. Guilty Plea and Sentencing Hearing, 10/02/12, at 8).

---

[5] Appellant fails to provide citations to the record or any pertinent authority in support of his claim. (*See* Appellant's Brief, at 11-12); Pa.R.A.P. 2119(a)-(c). We note that we could find this issue waived, however, because we can discern his argument and conduct meaningful appellate review, we will review the issue on its merits.

Additionally, as discussed more fully above, we conclude that the notes of testimony from the guilty plea hearing and the written guilty plea colloquy support the PCRA court's finding that Appellant entered into his plea knowingly, voluntarily, and intelligently. (*See* PCRA Ct. Op., at 6); *see also Rachak*, *supra* at 394; *Rush*, *supra* at 808; *McCauley*, *supra* at 922. Accordingly, Appellant's second issue lacks merit. *See Carter*, *supra* at 682.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014