J-S65037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALFREDO JUNIOR VARGAS, | |
| Appellant | No. 910 EDA 2014 |

Appeal from the Judgment of Sentence February 4, 2014
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0000626-2013

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 05, 2014**

Appellant, Alfredo Junior Vargas, appeals from the judgment of sentence imposed pursuant to his negotiated *nolo contendere* plea to the charges of possession with intent to deliver (PWID) heroin and conspiracy to deliver heroin.[1]  Specifically, Appellant challenges the trial court's denial of his post-sentence motion to withdraw his plea.  We affirm.

We take the procedural and factual background of this matter from the trial court's April 16, 2014 opinion and our independent review of the record. On October 7, 2012, at approximately 5:00 a.m., Pennsylvania State Police Trooper Jonathan Gerken stopped a speeding car in which Appellant and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 34 P.S. § 180-113(a)(30) and 18 Pa.C.S.A. § 903, respectively.

three other individuals[2] were travelling. After establishing probable cause, Trooper Gerken executed a search warrant on the vehicle and seized 2.9 kilos of heroin, with an estimated street value of $1.2 million.

On February 4, 2014, Appellant entered a written plea of *nolo contendere* to the above charges, and the court conducted a full colloquy with him on the record at his plea hearing. In return for his plea, the Commonwealth withdrew a count for possession of a controlled substance, and recommended a total aggregate minimum sentence of three years' imprisonment. The same day, pursuant to the agreement, the trial court sentenced Appellant to an aggregate term of not less than three nor more than eight years' incarceration, and found him RRRI eligible.

On February 12, 2014, Appellant filed a motion to withdraw his *nolo contendere* plea. After a hearing on February 28, 2014, the court denied the motion. Appellant timely appealed.[3]

Appellant raises one question for our review: "Did the trial court err in denying the post-sentence motion to withdraw his plea of *nolo contendere* where [Appellant] demonstrated that his plea resulted in a manifest

---

[2] Although not part of the certified record, Appellant states that the three other people "accepted plea offers." (Appellant's Brief, at 5).

[3] On March 31, 2014, Appellant filed a timely Rule 1925(b) statement pursuant to the court's order; the court filed a Rule 1925(a) opinion on April 16, 2014. **See** Pa.R.A.P. 1925.

injustice?"   (Appellant's   Brief,   at   4   (most   capitalization   omitted)).

Specifically,  Appellant  argues  that  he  did  not  voluntarily  and  intelligently

enter his plea because he was reluctant to enter it, maintains his innocence,

and  will  be  deported  after  serving  his  prison  sentence.   (*See id.* at 8, 12-

13).  Appellant's issue does not merit relief.[4]

Our standard of review and the legal principles relevant to this matter

are  well-settled.   Preliminarily,  we  observe  that  "[w]hen  considering  the

propriety of a trial court's denial of a motion to withdraw a guilty plea, we

are  bound  by  the  determination  of  that  court  unless  we  find  that  it

committed an abuse of discretion."  ***Commonwealth v. Mobley***, 581 A.2d

949, 952 (Pa. Super. 1990) (citation omitted).

Further,

> by entering a *nolo contendere* plea, a defendant does not admit
> that he is guilty.  As the United States Supreme Court has held,
> a plea of *nolo contendere* is a plea by which a defendant does
> not expressly admit his guilt, but nonetheless waives his right to

_____

[4] Pennsylvania Rule of Appellate Procedure 2119 provides, in pertinent part, that the argument section of an appellant's brief must contain pertinent discussion and citation to authority, and references to the record.  **See** Pa.R.A.P. 2119(a)-(c).   Here, the argument section of Appellant's brief contains two citations in support of boilerplate law on withdrawal of a guilty plea, no record citations, and a one-paragraph "discussion" in which he concludes that the court's denial of his motion to withdraw the *nolo contendere* plea rises to the level of "manifest injustice." (Appellant's Brief, at 13; **see id.** at 12-13).  However, despite these briefing deficiencies, we will not find waiver where they do not preclude our meaningful appellate review.  **See Commonwealth v. Levy**, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver where deficiencies did not impede meaningful review).

a trial and authorizes the court for purposes of sentencing to treat him **as if he were guilty**. [T]he difference between a plea of *nolo contendere* and a plea of guilty is that, while the latter is a confession binding defendant in other proceedings, the former has no effect beyond the particular case. Thus, for purposes of proceedings relating to the charges, [a defendant] agree[s] to be treated as guilty of the crimes.

*Commonwealth v. V.G.*, 9 A.3d 222, 226-27 (Pa. Super. 2010) (citations and quotation marks omitted; emphasis in original).

"[I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Lewis*, 791 A.2d 1227, 1230 (Pa. Super. 2002), *appeal denied*, 806 A.2d 859 (Pa. 2002) (citations omitted). "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citations and internal quotation marks omitted).

Finally,

> [i]n order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing.  He bears the burden of proving otherwise.  [**Commonwealth v.**] **Pollard**, 832 A.2d [517,] 523 [(Pa. Super. 2003)] (citations omitted).  "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established."  **Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001) [(citation omitted)].

**Commonwealth v. Rush**, 909 A.2d 805, 808 (Pa. Super. 2006). Therefore, "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled."  **McCauley**, **supra** at 922 (citation omitted).

Here, in his written *nolo contendere* plea statement,[5] Appellant affirmed that he was not being treated for mental illness, he was aware that he was giving up his right to a jury trial, that he knew the nature of the charges to which he was pleading *nolo contendere*, and that he understood that he would have limited appellate rights.  (**See** *Nolo Contendere* Plea Statement, 2/04/14, at 2 ¶ 7; 3-5 ¶¶ 10-20, 22; 6 ¶ 26; 7 ¶ 32).  Appellant agreed that he was satisfied with counsel's assistance, had enough time to talk with him about his case and ask any questions, and confirmed that his attorney explained what his sentence could be if he went to trial.  (**See id.**

---

[5] Appellant's written plea was in Spanish, with English translations, and he had a Spanish translator at the *nolo contendere* plea hearing.  (**See** *Nolo Contendere* Plea Statement, 2/04/14, at 1-9; N.T. Guilty Plea Hearing, 2/04/14, at 2).

at 7 ¶ 29; 8 ¶¶ 38-41). Importantly, Appellant stated that no one forced or threatened him to enter the plea, that he was doing so of his own free will, and that he had received no other promises other than those in the plea bargain. (*See id.* at 8 ¶¶ 34-37). Appellant acknowledged that he understood "that the decision to enter a [*nolo contendere*] plea [was his] and [his] alone; that [he] [did] not have to enter a plea of guilty . . . and that no one [could] force [him] to enter a [*nolo contendere*] plea[.]" (*Id.* at 9 ¶ 44).

At the February 4, 2014 hearing, the court confirmed that all of the answers in the written statement were true and correct, that Appellant had the opportunity to speak with his attorney about the case, that he was satisfied with counsel's representation, that he knew what he was doing, and that no one forced or threatened him to take the *nolo contendere* plea. (*See* N.T. *Nolo Contendere* Plea Hearing, 2/04/14, at 7-9, 12). Before explaining the charges against Appellant and what the Commonwealth would have to prove at trial, the court stated:

> Now, I'm going to repeat the important things in here, and if you have any questions, you stop me and I'll try to answer them. You can enter these pleas today, and you'll then be sentenced. That's your one choice, your other choice is to go to a trial. And before I sentence you, at any point, if you choose the second option and want to go to a trial just speak up and we'll have a trial. . . .

(*Id.* at 9).

Following the above statement, Appellant indicated that he understood the trial court's explanation of the PWID and conspiracy charges against him, the maximum sentence each carried, and what facts the Commonwealth would have to prove at trial. (*See id.* at 12-14). Shortly thereafter, Appellant stated that he knew his rights, but he had no choice but to enter a plea where his co-defendants had already pleaded guilty and he did not have money to hire an attorney to prove that he does not sell drugs. (*See id.* at 14). In response, the following exchange occurred:

> [THE COURT].  Well, you have to make a decision, sir.  You do have a choice.  Your choice is to go with the plea or to go to trial.  You do have an attorney, and he's a competent attorney, and he practices criminal law all the time.  So you have to make a decision.  Plea or go to trial, and it doesn't matter to me.  It's up to you, sir, but now is decision time.
>
> [APPELLANT].  All right.  I don't want to go to trial because the other three already pled and—
>
> [THE COURT].  Do you want to enter these pleas?  If you don't answer, or you're not sure, we're going to have a trial, so you have to tell me, sir.  I said that after hesitation.
>
> [APPELLANT].  Okay.  I accept my—because they pled guilty and I can't fight with just by myself.
>
> [THE COURT].  Sir, do you want the *nolo contendere* pleas with the plea bargain or trial?  And if you hem and haw, we start your trial.  You tell me what you want to do.  It's one or the other.  But give me a clear answer, please.
>
> [COUNSEL]:  *Si* or no?
>
> THE COURT:  That's not going to answer my question.  Do you want the pleas with the plea bargain or the trial?

> [APPELLANT]:   I plead [*nolo contendere*] according to the agreement.

(*Id.* at 14-15).   After the above exchange, the Commonwealth detailed the facts surrounding the night in question that it would attempt to prove at trial.   (*See id.* at 15-16).   The court then discussed "immigration issues" with Appellant, explaining that it did not make decisions on deportation, and confirming that counsel had explained to him that "following his conviction he [would] likely . . . be deported on completion of his prison sentence." (*Id.* at 17).

Accordingly, based on the foregoing, Appellant's arguments that he did not enter into a knowing and voluntary plea because "[h]e was steadfast in his denial of involvement in any criminal activity[,]" he reluctantly entered his plea "only at the prodding by the trial court," and the effect of taking the plea would result in deportation, lack merit.[6]   (Appellant's Brief, at 8).   There

_____

[6] Indeed, Appellant's claim that the trial court "prodd[ed]," (*see* Appellant's Brief, at 8), him into taking the plea is belied by the record.   The court repeatedly advised Appellant that it was his decision whether to plead *nolo contendere*, and that unless he expressly stated that he wanted to enter such a plea, trial would commence  (*See* N.T. *Nolo Contendere* Plea Hearing, 2/04/14, at 9, 14-15).   In response to this choice, Appellant unmistakably stated he wanted to enter the plea.   (*See id.* at 15).

Also, Appellant's argument that his alleged innocence renders his plea involuntary and creates a manifest injustice lacks merit.   (*See* Appellant's Brief, at 8).   By entering a *nolo contendere* plea, Appellant did not admit guilt, but instead allowed the court to treat him **as if he were guilty** for sentencing purposes.   *See   V.G.*, *supra* at 226.   Therefore, Appellant's claim of innocence does not conflict with his plea.
*(Footnote Continued Next Page)*

is absolutely no evidence that Appellant lacked "a full understanding of the nature and consequences" of pleading *nolo contendere*. **Rush**, **supra** at 808 (citation omitted). Therefore, we conclude that the court did not abuse its discretion when it found that Appellant "knowingly and voluntarily decided to enter the plea." **Id.** (citation omitted); **see also Mobley**, **supra** at 952. Appellant's issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2014

*(Footnote Continued)* ──────────────

Finally, Appellant's argument that his plea must be withdrawn because he faces deportation has no merit. (**See** Appellant's Brief, at 8, 13). It is well-settled that "[t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." **Commonwealth v. Anderson**, 995 A.2d 1184, 1192-92 (Pa. Super. 2010), *appeal denied*, 9 A.3d 626 (Pa. 2010) (citation omitted). In fact, Appellant knew of the deportation issue when he pleaded *nolo contendere* and that he would "probably be deported on completion of his prison sentence." (N.T. *Nolo Contendere* Plea Hearing, 2/04/14, at 17). This argument fails.