J-S69004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES WHITE | |
| Appellant | No. 1851 EDA 2013 |

Appeal from the Judgment of Sentence May 31, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009507-2012

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED DECEMBER 15, 2014**

Appellant, James White, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his negotiated guilty plea to one count of escape.[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant was committed to a Department of Corrections prerelease facility in Philadelphia. On the night of July 12, 2012, Appellant checked out of the facility with a pass that allowed him to leave temporarily to work. Appellant failed to return to the prerelease facility at the required time. He was arrested on July 25, 2012. On May 31, 2013, Appellant entered a negotiated guilty plea to escape. On the same date, the court sentenced Appellant to a

_____

[1] 18 Pa.C.S.A. § 5121(a).

term of six (6) to twelve (12) months' incarceration. The court also granted

immediate parole. Appellant filed a *pro se* notice of appeal and a voluntary

Pa.R.A.P. 1925(b) statement on June 26, 2013.[2]

Appellant raises two issues for our review:

> WAS NOT APPELLANT'S GUILTY PLEA INVALID WHERE, DURING THE PLEA COLLOQUY, THE TRIAL COURT FAILED TO ADVISE HIM THAT HE WAS PRESUMED INNOCENT UNTIL PROVEN GUILTY AND THAT HE HAD A RIGHT TO A JURY TRIAL WHERE APPELLANT INDICATED TO THE COURT THAT HE DID NOT UNDERSTAND THE NATURE OF THE PROCEEDINGS AGAINST HIM?
>
> DID NOT COUNSEL'S FAILURE EITHER TO OBJECT TO THE DEFECTIVE PLEA COLLOQUY OR TO FILE A MERITORIOUS MOTION TO WITHDRAW APPELLANT'S GUILTY PLEA CONSTITUTE FACIAL INEFFECTIVE ASSISTANCE OF COUNSEL, AND IS NOT THAT CLAIM REVIEWABLE ON DIRECT APPEAL?

(Appellant's Brief at 3).

In his first issue, Appellant argues the trial court failed to inform him

during the oral plea colloquy that he had the right to a jury trial and he was

presumed innocent until proven guilty. Appellant asserts the court neither

asked him whether he knew he had these rights nor ascertained whether he

understood them. Appellant contends he was reluctant to plead guilty; he

emphasizes his previous rejection of the Commonwealth's plea offer and his

statements to the court that he wanted to "fight the case." (Appellant's

_____

[2] Appellant had representation during the plea proceedings, and he is currently represented by new counsel on appeal.

Brief at 10). Appellant also points to his statement at a status hearing that he did not understand the nature of the proceedings. According to Appellant, the court failed to clear up his confusion and fully explain the rights Appellant would surrender by pleading guilty. Appellant claims he "felt defeated" and simply resigned to plead guilty, telling the court "I'm tired; I'm beat." *Id.* at 14 (citing N.T. Guilty Plea, 5/31/13, at 6). Appellant concludes his guilty plea was not knowing, intelligent, and voluntary, and this Court should permit him to withdraw the plea. We cannot agree.

Initially, we observe:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, [352 A.2d 140, 141 (Pa.Super. 1975)] (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 87 A.3d 319 (2014) (holding defendant failed to

- 3 -

preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea).

Further, withdrawal of a guilty plea after sentencing requires "a showing of prejudice on the order of manifest injustice…. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002) (internal citations and quotation marks omitted). The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) the judge is not bound by the terms of the agreement unless he accepts the agreement. Pa.R.Crim.P. 590 *Comment*; *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super. 2003). Nevertheless, "nothing in [Rule 590] would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination." Pa.R.Crim.P. 590

*Comment*.  **See also Commonwealth v. Rush**, 909 A.2d 805 (Pa.Super. 2006) (holding defendant entered guilty plea knowingly and voluntarily where he acknowledged in written colloquy that he understood his rights to trial by jury and presumption of innocence, and he confirmed during court's oral examination that he signed written colloquy and understood its contents); **Commonwealth v. Morrison**, 878 A.2d 102 (Pa.Super. 2005) (holding court's failure to delineate elements of charges at oral colloquy did not invalidate otherwise knowing and voluntary guilty plea where defendant executed written colloquy wherein he admitted he was advised of offenses outlined in criminal information, which detailed elements of those offenses).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.  **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa.Super. 2003).  A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy."  **Id.**  "This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea."  **Muhammad, supra** at 383-84.  "[T]he law does not require that [a defendant] be completely satisfied with the outcome of his decision to plead guilty."  **Rush, supra** at 810.  A guilty plea will be deemed valid if an examination of the

totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. ***Id.*** at 808.

Instantly, Appellant lodged no objection to the validity of his guilty plea during the oral plea colloquy and failed to file a post-sentence motion to withdraw the plea. Therefore, Appellant's challenge to the voluntariness of his guilty plea is waived. ***See Lincoln, supra***.

Moreover, the record shows Appellant executed a written plea colloquy indicating he entered the negotiated guilty plea voluntarily, knowingly, and intelligently. In the written colloquy, Appellant acknowledged, *inter alia*, the following consequences of pleading guilty:

> I do not have to plead guilty, even if I committed the crimes. I have an absolute right to plead not guilty and have a trial. I can have a jury trial or, if I give up my jury trial rights, I can have a trial by a judge alone. When I plead guilty, I give up my right to have a trial. If I went to trial, I would have all the rights listed below plus others.
>
> I am presumed to be innocent. …
>
> To convict me, the District Attorney must prove more than that I probably committed the crimes. The District Attorney has to prove me guilty "beyond a reasonable doubt." A reasonable doubt is the kind of doubt which would cause a normal, reasonable person to hesitate or halt or refuse to take any action at all in something very important to them.
>
> &ast; &ast; &ast;
>
> My lawyer has fully explained to me that I have a right to a

- 6 -

jury trial. Nobody can take that right away from me. At a jury trial, twelve (12) people, all from Philadelphia, would be on the jury and hear the facts of my case.

If all twelve were convinced beyond a reasonable doubt that I was guilty, I would be found guilty.

If all twelve were not convinced beyond a reasonable doubt that I was guilty, I would be found not guilty.

If all twelve could not agree, I would not be convicted, although I might have another trial before a different jury.

I can help pick my jurors. Each juror would be questioned to make sure they would be fair. I can keep anyone off the jury who is shown to the judge to be unfair.

*   *   *

If I plead guilty, I give up my right to a jury trial, and I also give up my right to have a trial by a judge who would decide the case alone without a jury.

(Written Guilty Plea Colloquy, 5/31/13). Appellant also acknowledged he could be imprisoned for up to seven years and fined $15,000.00, if convicted of the current charge; plea counsel explained to him the elements of the offense; and the court was not obligated to accept the plea agreement. During the oral plea colloquy, the following exchange took place between Appellant and the court:

THE COURT: I have in front of me the written guilty plea colloquy form. I see that you have signed the bottom of page three. Did you do that after you went through pages one, two, and three with your attorney and understood all the rights you were giving up by not going to trial?

[APPELLANT]: Yes.

(N.T. Guilty Plea, 5/31/13, at 4). Notwithstanding his comments that he

was "tired" and "beat" and "need[ed] to have this resolved," Appellant unequivocally stated he could read and write the English language; he was not under the influence of drugs or alcohol; he made the decision to plead guilty of his own free will; he fully discussed the case and his decision to plead guilty with plea counsel; and he was satisfied with plea counsel's representation. The Commonwealth's attorney then stated the factual basis for the plea agreement. Thus, the court made the written colloquy part of the record of the plea proceedings and supplemented it with an adequate on-the-record oral examination. The court's reference to the written plea colloquy was sufficient to confirm that Appellant understood he was presumed innocent and he was giving up his right to a jury trial. *See* Pa.R.Crim.P. 590; *Rush, supra*; *Morrison, supra*. Based on the totality of the circumstances, the record shows Appellant had a full understanding of the nature and consequences of his plea and voluntarily, knowingly, and intelligently entered the plea.[3] *See Rush, supra*; *Muhammad, supra*.

In his second issue, Appellant argues plea counsel was ineffective for

---

[3] Appellant's statements of confusion about the case bore no relation to the plea proceedings. Appellant made these statements at an earlier status hearing. In fact, the court held the status hearing to answer Appellant's questions about the case. At the conclusion of the hearing, the court continued the case to allow Appellant an opportunity to confer with counsel and decide how to proceed. The oral and written plea colloquies confirm Appellant understood the nature and consequences of his decision to plead guilty **at the time he entered the plea**, two weeks after the status hearing.

failing to object to the defective plea colloquy or file a motion to withdraw the guilty plea. Appellant contends this claim is reviewable on direct appeal because counsel's ineffectiveness is clear from the record. Appellant further asserts counsel's deficient representation excuses the waiver of Appellant's claim that he did not enter a knowing and voluntary plea. Appellant concludes plea counsel's ineffectiveness entitles Appellant to withdraw his guilty plea. We decline to address this claim.

"[A]s a general rule, a [defendant] should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant*, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002). "[A]ny ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to avail himself of that opportunity." *Id.*

Nevertheless, the Pennsylvania Supreme Court has recognized two very limited exceptions to the general rule in *Grant* regarding the appropriate timing for review of ineffective assistance of counsel claims:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that **trial courts** retain their discretion to entertain such claims.
>
> Second, with respect to other cases and claims…where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the **trial courts** to entertain such claims, but

only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

*Commonwealth v. Holmes*, 621 Pa. 595, 598-99, 79 A.3d 562, 563-64 (2013) (internal citations and footnotes omitted) (emphasis added).

Instantly, Appellant failed to raise his ineffectiveness claim before the trial court, and the claim is not apparent from the record. Additionally, Appellant does not seek to litigate multiple or prolix claims of ineffectiveness accompanied by an express waiver of his entitlement to seek PCRA review. Thus, neither *Holmes* exception applies to Appellant's case. *See id.* Absent these exceptions, the general rule in *Grant* applies. *See Holmes, supra* at 620, 79 A.3d at 576 (stating ineffective assistance of counsel claims are to be deferred to PCRA review, and should not be reviewed on direct appeal). Thus, pursuant to *Grant*, we dismiss Appellant's ineffectiveness of counsel claim but without prejudice to Appellant to raise it in a timely petition for collateral relief. *See Grant, supra* at 69, 813 A.2d at 739. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2014