J-S34026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DUKE ROLAND PSORAS | |
| Appellant | No. 2096 MDA 2013 |

Appeal from the PCRA Order entered October 21, 2013
In the Court of Common Pleas of the 41st Judicial District
Juniata County Branch
Criminal Division at No: CP-34-CR-0000078-2010

BEFORE: PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 25, 2016**

Appellant, Duke Roland Psoras, appeals from the order the Court of Common Pleas of Perry/Juniata Counties entered on October 21, 2013, denying his petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The trial court summarized the relevant background as follows:

[A]fter a trial on February 16, 2011, a jury found Appellant guilty of three hundred ninety-seven (397) counts of [s]exual [a]buse of [c]hildren. On May 17, 2011, the [c]ourt sentenced him to a total of five (5) to fifteen (15) years['] incarceration in a [s]tate [c]orrectional [i]nstitution, plus seven (7) years['] probation to run concurrent to his incarceration. However, on August 21, 2012, the [c]ourt granted Appellant a new trial based upon his Post-Conviction Relief Act [p]etition, filed January 17, 2012, alleging ineffective assistance of counsel. That same date, Appellant tendered nolo contendere pleas to four (4) counts of [s]exual [a]buse of [c]hildren, in violation of 18 Pa.C.S. § 6312(d), felonies of the third degree. Immediately following Appellant's plea, the court sentenced him to five (5) to ten (10)

months['] incarceration in a [s]tate [c]orrectional [i]nstitution on each of the four (4) counts. The sentence for each count was to run consecutive to the others, making Appellant's total sentence twenty (20) to forty (40) months. He received credit for time served[.]

Trial Court Opinion, 2/20/14 at 1.

On September 20, 2012, Appellant filed a counseled direct appeal to this Court, arguing his *nolo contendere* plea was unlawfully induced, and, therefore, involuntarily entered, due to information discovered after the plea and some misinformation provided at the time of the plea. **See** Statement of Errors Complained of on Appeal, 10/22/12.[1]

On October 22, 2012, while represented and while his direct appeal was still pending, Appellant, *pro se*, filed a PCRA petition, seeking a new trial based on "newly-discovered and existing, but newly-presented, factual evidence." PCRA Petition, 10/22/12, at 1. Subsequently, Appellant, *pro se*, filed the following documents: (1) November 21, 2012: Application seeking leave to file a supplement to his PCRA petition; (2) December 6, 2012: Petition seeking appointment of new counsel; (3) January 17, 2013: Notice to counsel (court-appointed) that he was being terminated; (4) March 11, 2013: First supplement to his PCRA petition, alleging ineffective assistance of counsel (trial counsel and direct appeal counsel); (5) March 11, 2013: Motion for bail; (6) May 29, 2013: Motion for appointment of new counsel;

---

[1] The direct appeal was discontinued on January 29, 2013, upon application of Appellant's counsel. **See Commonwealth v. Psoras**, 80 MDA 2013.

- 2 -

(7) June 24, 2013: Motion to withdraw plea; (8) August 5, 2013: Second supplement to his PCRA petition, seeking to vacate his illegal sentence; (9) August 5, 2013: Third supplement to his PCRA petition, alleging lack of subject matter jurisdiction; and (10) September 9, 2013: Motion for return of property. After conducting a hearing,[2] the PCRA court denied all relief sought by Appellant "for the reasons stated on the record."[3] *See* PCRA Court Order, 10/24/13. This appeal followed.

On appeal, Appellant, through his counsel, raises one issue for our review, namely whether his *nolo contendere* plea was unlawfully induced. Upon review, we conclude Appellant is not entitled to relief.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

Before entertaining the merits of the appeal, we must determine whether he is eligible for PCRA relief. The Commonwealth argues Appellant is not eligible for relief pursuant 42 Pa.C.S.A. § 9543(a)(1)(i) because he is no longer "serving" his sentence. We agree.

---

[2] It appears Appellant was represented by Jeffrey Davis, Esq. at the hearing. *See* PCRA Court Order, 10/24/13.

[3] The notes of testimony of the hearing are not part of the record forwarded to this Court.

To be eligible for post-conviction relief, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

42 Pa.C.S.A. § 9543(a)(1)(i).

Appellant acknowledges that under the statute he is no longer eligible for relief. However, he argues that denial of relief on such basis would amount to a violation of his procedural due process rights. Appellant relies on **Commonwealth v Turner**, 80 A.3d 754 (Pa. 2013), for the proposition that "due process rights are one of the few things which can offer relief from the statutory restriction placed on the PCRA." Appellant's Brief at 16. We disagree. Indeed, in **Turner**, the Supreme Court specifically addressed the point raised by Appellant here, and rejected it.

In **Turner**, the Supreme Court noted:

Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest. 42 Pa.C.S.[ ] § 9543(a)(1)(i). Of course, the legislature was free to extend a statutory right of collateral review to individuals like [Turner] who had completed their sentence[s] and, had they done so, they would be constitutionally obligated to ensure that those rights were impacted only in accord with due process. However, the legislature did not do so. Rather, the General Assembly, through the PCRA, excluded from collateral review those

- 4 -

individuals who were no longer subject to a state sentence, thereby limiting the statutory right of collateral review to those whose liberty was constrained.

The legislature was aware that the result of the custody or control requirement of Section 9543(a)(1)(i) would be that defendants with short sentences would not be eligible for collateral relief. Indeed, that was the apparent intent: to restrict collateral review to those who seek relief from a state sentence. The legislature's exclusion from collateral relief of individuals whose liberty is no longer restrained is consistent with the eligibility requirements of *habeas corpus* review under the general state *habeas corpus* statute, 42 Pa.C.S. § 6501, *et seq.*

*Turner*, 80 A.3d at 766-67 (citations, quotations, quotation marks, and footnotes omitted).

In light of the foregoing, we conclude Appellant's due process challenge has no merit. Accordingly, because he fails to meet the eligibility requirements under the PCRA, he is not entitled to relief.

Appellant's challenge, more than a facial attack on the PCRA statute, is an as-applied challenge. Appellant claims that he is not eligible for relief under the PCRA because of delays in the disposition of this matter, mostly attributable to the trial court's failure to act promptly in appointing him counsel and the pendency of the direct appeal.

In *Commonwealth v. Burkett*, 5 A.3d 1260, 1276 (Pa. Super. 2010), we analyzed a claim that conduct of the PCRA court, the Commonwealth, and appellant's appointed attorneys unreasonably delayed occurrence of his PCRA hearing and disposition of his PCRA petition, thus violating his right to due process. In doing so, we applied the test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972).

> Pursuant to **Barker**, the court first considers whether the delay itself is sufficient to trigger further inquiry. Second, the court must evaluate the reason for the delay. Thirdly, the court must ascertain the timeliness of the defendant's assertion of his right; and lastly, the court must decide if there exists any resulting prejudice to the defendant.

**Burkett**, 5 A.3d at 1276.

Here, it is undisputed that Appellant *pro se* filed the instant petition on October 22, 2012, while his direct appeal was pending. It also is undisputed that Appellant's counsel (Ralph Germak, Esq.) withdrew and discontinued the direct appeal on January 29, 2013. New counsel (Jeffrey Davis, Esq.) was appointed to assist Appellant in the PCRA proceedings. In the meantime, appellant *pro se* filed multiple documents, including a motion to withdraw plea, and three supplements to his PCRA petition. The PCRA court denied the PCRA petition and the supplements on October 21, 2013. New counsel (John H. McCullough, Esq.) was appointed for Appellant. This appeal followed.

It is undisputed that some delay occurred between the filing of the PCRA petition and its disposition. It is, however, clear that the delay also is attributable to Appellant's multiple filings within a relatively short period of time. In addition, while it is unclear from the record when Attorney Davis was appointed, it would seem that some, if not all, of these filings were improperly filed by Appellant *pro se* when he was represented. Finally, there is no evidence of prejudice suffered by Appellant. "Prejudice in the context

of the present case requires a showing of actual prejudice." **Burkett**, 5 A.3d at 1280. To this end, we noted:

> No Pennsylvania court has declared that delay in addressing a PCRA petition is *prima facie* sufficient to establish actual prejudice . . . . Although the excessive delay in this case should not be countenanced, it does not establish that [a]ppellant is automatically entitled to a new trial or discharge. Appellant still must be able to prove that the delay would have likely led to the outcome of his PCRA proceeding having been different.

*Id.*

Here, Appellant essentially argues the guilty plea was unlawfully induced. In particular, Appellant suggests that the written colloquy was confusing as to the nature of the plea he entered (*nolo contendere*), that he was not "given an adequate explanation of a nolo contendere plea," and that the oral colloquy conducted by the trial court was insufficient to overcome the problems with the written colloquy. Appellant's Brief at 20. We disagree.

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.
>
> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. Where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident

that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.

***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa. Super. 2006) (internal quotation marks, citations and brackets omitted).

> Here, the PCRA court,
>
> through its own oral colloquy of Appellant and through defense counsel, found that Appellant entered nolo contendere pleas knowingly, intelligently, voluntarily, and understandingly. Specifically, Appellant indicated that he understood the elements of the charged crimes and what it would take to be found guilty of them. He also understood the factual basis for the plea. Appellant indicated that he understood his right to a trial by jury and that he is presumed innocent until found guilty. He was aware of the possible sentences and fines involved, as well as the consequences of his plea under Megan's Law. Both defense counsel and the [c]ourt employed the terms "nolo contendere" or "no contest," rather than "guilty" throughout the oral colloquy with Appellant. Finally, Appellant filled out a written [p]lea [a]greement, which indicated a plea of nolo contendere, on which Appellant indicated his understanding both that the [c]ourt was not bound to accept his plea agreement and that, if the [c]ourt rejected it, he could withdraw his plea. On the [p]lea [a]greement, Appellant also reiterated his understanding of his waiver of the aforementioned rights. As such, the [c]ourt found that Appellant entered his nolo contendere plea knowingly, intelligently, voluntarily, and understandingly.

Trial Court Opinion, 2/20/14, at 3-4 (citations to record omitted).

Upon review, we agree with the trial court's analysis and conclusions. Because the delay is attributable, to some extent, to Appellant, and because Appellant failed to show actual prejudice from the delay, we conclude Appellant is not entitled to relief.

Order affirmed.

Judge Panella joins this memorandum.

Judge Jenkins concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2016