J-S75012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JERMAINE THOMPSON | |
| Appellant | No. 870 EDA 2016 |

Appeal from the Judgment of Sentence February 22, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004572-2015

BEFORE:  BOWES, MOULTON AND MUSMANNO JJ.

MEMORANDUM BY BOWES, J.:　　　　　**FILED NOVEMBER 30, 2016**

Jermaine Thompson appeals from the judgment of sentence of a fine of $200, plus costs, imposed by the trial court after he pled guilty to possession of a small amount of marijuana.  Counsel filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm and grant counsel's petition to withdraw.

We rely on the facts from the affidavit of probable cause supporting the complaint as those facts were incorporated into the guilty plea proceedings in support of the factual basis for Appellant's plea.  At approximately 12:31 a.m. on May 9, 2015, Officer John Esher of the Haverford Township Police Department received a radio call to investigate a

running silver Honda parked in front of a certain residence. Upon arriving at that location, Officer Esher observed a silver Honda, occupied by Appellant and one other individual, parked in front, and approached the vehicle and knocked on the window. As Appellant opened his window, a plume of smoke bellowed out of it. Officer Esher immediately recognized the odor of the smoke as burnt marijuana. When the officer asked Appellant what they were doing, Appellant replied, "smoking." Affidavit of Probable Cause, 5/12/15, at 1. Officer Esher directed Appellant to exit the vehicle and asked him whether there were any drugs or weapons in the car. Appellant answered in the affirmative, and, upon inspection, the officer discovered a small amount of marijuana within the vehicle.

Based on the foregoing, Appellant was charged with possession of a small amount of marijuana. On February 22, 2016, Appellant entered a negotiated guilty plea to the offense. The trial court conducted the mandated colloquy and approved the plea arrangement. Appellant's written guilty plea statement was also entered into the record. The court accepted Appellant's guilty plea and sentenced him, in accordance with the negotiated terms, to a $200 fine plus costs. Thereafter, Appellant filed a timely notice of appeal.[1] In lieu of a Rule 1925(b) statement of errors complained of on

---

[1] The notice of appeal was filed by counsel, who indicated that Appellant had requested that an appeal be pursued.

appeal, counsel filed a statement of intent to file an *Anders* brief in accordance with Pa.R.C.P. 1925(c)(4). The trial court then authored its Rule 1925(a) opinion.

Appellant's counsel now files a petition to withdraw and an accompanying *Anders* brief, asserting there are no non-frivolous issues to be reviewed. In the *Anders* brief, counsel set forth the following as the issue arguably supporting an appeal: "Whether the Lower Court should have explored [Appellant's] eligibility for the Accelerated Rehabilitative Disposition [("ARD")] program during the guilty plea colloquy?" *Anders* brief at 1.

Since we do not address the merits of issues raised on appeal without first reviewing a request to withdraw, we evaluate counsel's petition to withdraw at the outset. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). Counsel must meet three procedural requirements in order to withdraw: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the *Anders* brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. *Id*.

Counsel's petition to withdraw provides that he made a thorough review of the record and concluded that the appeal is wholly frivolous. Counsel sent Appellant copies of the petition to withdraw and the *Anders*

brief, and instructed him that he had the right to retain new counsel. In that communication, counsel also expressed that Appellant could proceed *pro se* and raise any issues he believed this Court should consider. Counsel mailed these documents to Appellant at his last-known address, however, they were returned with the notation, "Attempted. Not Known." Letter to Superior Court Prothonotary, 8/12/16, at unnumbered 1. As Appellant failed to notify the Court or his attorney as to any changes in his address during the pendency of this appeal, we find counsel has complied substantially with the procedural requirements of **Anders**.

We now consider whether counsel's **Anders** brief meets the substantive elements of **Santiago**. Pursuant to **Santiago**, an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Counsel provided the procedural posture and relevant factual background with citations to the record. He presented argument tending to support the appeal. Nevertheless, counsel concludes that Appellant's appeal is frivolous, setting forth reasons in support of that position, and case law

that holds this issue would not entitled him to relief. Thus, counsel has complied with the requirements of **Anders**/**Santiago**.

We now proceed to examine the issue presented by counsel in the **Anders** brief. Counsel styles this claim as contending Appellant did not enter his guilty plea knowingly, voluntarily, and intelligently. This assertion concerns an exchange which occurred during the plea colloquy. After the plea judge inquired whether Appellant had any additional information to offer the court, Appellant informed the court that certain court notices were being sent to the wrong address. The following discussion ensued:

> Appellant: Yeah. And I guess they've been mailing it out to Townsend, Delaware. So that's why I never was aware of the Court date, because I called my Public Defender, Tom, I guess. He said that I was – I called him like a couple of months ago. I was asking him about the ARD Program. And he was like, have they sent the letter to you? I was like, no, I haven't gotten the letter. So he said, wait for a letter. But apparently, it's being going to Townsend Delaware, which I never lived at.
>
> Appellant's Counsel: Your Honor, I do have him missing – I have no shows in here, 11/18, 12/16, 1/20, and then I guess I was assigned to it on February 1st. I did explain to [Appellant] that I'd be willing to go and see if they would consider him for ARD, because I think there might have been some mix-up with the address, but he indicated to me that he would rather take the plea with no probation and fines.
>
> The Court: All right. Thank you. As it then relates to Count One, Personal Use of Marijuana, an Ungraded Misdemeanor, pursuant to counsel's agreement, [Appellant] will pay a $200 fine, $100 assessment, laboratory fees incorporated with the cost of prosecution. Any questions, sir?
>
> Appellant: No, sir.

N.T. Plea Colloquy, 2/22/16, at 7-8. It is well-settled that Pennsylvania law requires that a guilty plea be made knowingly, voluntarily, and intelligently. *Commonwealth v. Rush*, 909 A.2d 805 (Pa.Super. 2006). In order to ascertain whether a guilty plea is constitutionally valid we evaluate such a plea utilizing the following guidelines:

> the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Id*. at 808 (citation omitted).

As an issue of arguable merit, Appellant's counsel asserts the court should have inquired in more detail as to whether Appellant understood the impact his guilty plea would have on a potential ARD disposition. Thus, counsel maintains, Appellant's choice of a guilty plea reflected that he did not comprehend, pursuant to *Rush*, *supra*, "what the plea connoted and its consequences." *Anders* brief at 4.

Herein, when prompted by the court, Appellant did not question the unavailability of ARD, but rather, acquiesced to counsel's statement that Appellant preferred entering a guilty plea without probation to ARD. Moreover, the court found Appellant's guilty plea was knowing, intelligent, and voluntary, and Appellant bears the burden of proving otherwise.

***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa.Super. 2014). Notwithstanding the apparent validity of Appellant's guilty plea, we observe that Appellant did not object to his guilty plea at the colloquy nor did he file a timely motion to withdraw the plea. As a result, his challenge to the validity of his guilty plea is waived. ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-610 (Pa.Super. 2013). Therefore, this issue is wholly frivolous.

After conducting an independent review of the certified record pursuant to ***Commonwealth v. Flowers***, 113 A.3d 1246 (Pa.Super. 2015), we find there are no other non-frivolous issues that can be raised in this appeal.

Petition of Patrick J. Connors, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/30/2016</u>