J-S16038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD C. SNEE, | |
| Appellant | No. 1406 WDA 2016 |

Appeal from the PCRA Order August 23, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0014837-2014

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 05, 2017**

Appellant, Ronald C. Snee, appeals from the denial of his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the following facts from our independent review of the certified record.  On October 28, 2014, Detective Thomas DeTemple and Detective Romano[1] of the Allegheny County Police Department observed Appellant and another individual, in a vehicle, and acting suspiciously, in an area known to be "frequented by drug addicts and thieves."  (Affidavit of Probable Cause, 10/28/14, at 2).  Upon approaching the car, Detective

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Detective Romano's first name is not identified in the certified record.

Romano observed four bags of heroin between Appellant's legs, in plain view. (*See id.*). Pursuant to a search incident to arrest, the detective found five additional bags of heroin in Appellant's pocket. The same day, the Commonwealth charged Appellant with one count each of possession of a controlled substance and possession of paraphernalia.[2] Appellant entered a negotiated guilty plea to possession of a controlled substance on November 4, 2014, and, in return, the Commonwealth withdrew the possession of paraphernalia charge. The same day, the trial court sentenced Appellant to two years of probation, pursuant to the plea's terms.

On June 9, 2015, Appellant filed a *pro se* PCRA petition. Appointed counsel filed an amended petition and a supplement thereto on November 13 and 19, 2015, respectively. On August 23, 2016, the PCRA court denied Appellant's petition, after a hearing. Appellant timely appealed.[3]

Appellant raises one issue for our review: "Did Appellant's plea counsel render ineffective assistance in his stewardship of Appellant's case by permitting [him] to enter a plea of guilty upon a colloquy lacking a factual basis?" (Appellant's Brief, at 3).

Our standard of review for an order denying PCRA relief is well-settled:

---

[2] 35 P.S. §§ 780-113(a)(16), (32).

[3] On October 14, 2016, Appellant filed a timely concise statement of errors complained of on appeal, pursuant to the PCRA court's order. The court filed an opinion on December 5, 2016. *See* Pa.R.A.P. 1925.

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . .

*Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citations, quotation marks, and brackets omitted).

[T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result, *i.e.*, there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). "[F]ailure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." *Commonwealth v. Robinson*, 877 A.2d 433, 439 (Pa. 2005) (citation omitted).

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Commonwealth v. Fears*, 86 A.3d 795, 806-07 (Pa. 2014) (citation omitted).

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. [W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.

*Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2005) (citations and quotation marks omitted).

A court must conduct an on-the-record colloquy into the following areas:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* at 808-09 (citation omitted).

Appellant maintains that, because the "plea colloquy lacked a factual basis . . . counsel was ineffective in permitting [him] to enter a guilty plea[.]" (Appellant's Brief, at 5). We disagree.

- 4 -

Appellant pleaded guilty to "[k]nowingly or intentionally possessing a controlled . . . substance." 18 Pa.C.S.A. § 780-113(a)(16). At the guilty plea hearing, while introducing the case, the court's clerk stated that defense counsel and the Commonwealth stipulated to the criminal complaint and affidavit of probable cause. (*See* N.T. Guilty Plea, 11/04/14, at 2). The factual basis established by the affidavit of probable cause was that, on October 28, 2016, Detective Romano observed four bags of heroin between Appellant's legs, in plain view, and he seized five more bags of heroin from Appellant's pocket during the search incident to arrest. (*See* Affidavit of Probable Cause, at 2).

The trial court confirmed that Appellant heard and understood the charge against him, and he expressly admitted that he was pleading guilty because he was guilty of the offense. (*See* N.T. Guilty Plea, at 4, 6). Additionally, Appellant signed the negotiated plea agreement, which specifically stated that he was pleading guilty to possessing heroin. (*See* Negotiated Plea Agreement, 11/04/14, at 1). The court confirmed that Appellant reads, writes, and understands English, and that he answered the questions in the written negotiated guilty plea colloquy honestly and correctly. (*See* N.T. Guilty Plea, at 3).

Further, Appellant affirmed that he was satisfied with counsel's representation and that counsel fully explained the nature of the charge to which he was pleading guilty. (*See id.* at 3-4). Appellant also stated that

he understood the maximum penalties associated with the charge, and that nobody "forced, threatened or coerced [him] to enter [a] guilty plea" or promised him anything other than the plea agreement itself. (*Id.* at 4). In the written negotiated guilty plea colloquy, in addition to the above matters, Appellant agreed that he understood the jury trial rights he was losing by pleading guilty, including the fact that the Commonwealth would have to prove his guilt beyond a reasonable doubt. (*See* Negotiated Plea Colloquy, at 3-4; *see also id.* at 1-7).

Based on the foregoing, although the underlying facts contained in the affidavit of probable cause were not read into the record, after reviewing "all of the circumstances surrounding the entry of th[e] plea[,]" we conclude it is "evident that [Appellant] understood the nature of the charges against him," and entered a knowing and voluntary plea. *Fears*, *supra* at 807 (citation omitted); *Rush*, *supra* at 808. Therefore, Appellant has failed to establish the underlying merit of his claim. *See Laird*, *supra* at 978; *Robinson*, *supra* at 439. Accordingly, we conclude that the PCRA court's finding, that plea counsel did not render ineffective assistance, is supported by the record and free of legal error. *See Rigg*, *supra* at 1084. Appellant's issue lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/5/2017</u>