J-S31001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANDRE LEMONT CROMWELL | |
| Appellant | No. 481 WDA 2014 |

Appeal from the Judgment of Sentence February 7, 2014
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001535-2013

BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 25, 2017**

Appellant, Andre Lemont Cromwell, appeals from the judgment of sentence entered after he pled guilty to robbery[1] and recklessly endangering another person ("REAP").[2] Cromwell contends that the trial court erred in refusing to allow him to withdraw his guilty plea after sentencing. Further, Cromwell alleges that he involuntarily entered the guilty plea due to trial counsel's ineffectiveness. After careful review, we affirm.

On May 23, 2013, Cromwell robbed Ruth Blackmon at gunpoint. As a result, Cromwell was charged with robbery and REAP. The court appointed Thomas Agrafiotis, Esquire to represent Cromwell.

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 2705.

Between the appointment of counsel and start of trial, Cromwell filed multiple petitions, including a *pro se* motion for new counsel and a petition under Rule 600 seeking nominal bail. The trial court denied Cromwell's motion for new counsel, but granted his petition for nominal bail on February 3, 2014. On February 6, 2014, the morning of trial, Cromwell presented an emergency motion for continuance, citing the defense's inability to adequately prepare for trial. The trial court denied Cromwell's motion, and the Commonwealth presented its case. The next morning, Cromwell entered a negotiated guilty plea to the above-mentioned charges and was immediately sentenced to an aggregate period of five to ten years' imprisonment.

On February 18,2014, Cromwell filed a petition to withdraw his guilty plea. Through his petition, Cromwell claimed that he felt pressure into pleading guilty, and, therefore, his guilty plea was not knowing, intelligent, or voluntary. The trial court denied Cromwell's petition, but appointed him new counsel. Cromwell appealed.[3]

On appeal, Cromwell raises the following issues:

1. WHETHER THE TRIAL COURT ERRED IN DENYING MR. CROMWELL'S REQUEST TO WITHDRAW HIS GUILTY PLEA TO 5 TO 10 YEARS' INCARCERATION WHERE THE TOTALITY OF

---

[3] Cromwell's appeal was initially remanded to the trial court after his second court-appointed counsel failed to file a statement pursuant to Rule 1925(b). Upon remand, the trial court appointed current counsel, who timely filled a Rule 1925(b) statement.

THE CIRCUMSTANCES REVEAL THE PLEA WAS ENTERED INVOLUNTARILY DUE TO THE COERCIVE ATMOSPHERE CREATED BY THE MAGNITUDE OF THE POSSIBLE SENTENCE MR. CROMWELL FACED – i.e., UP TO 20 YEARS IN JAIL – AND COUNSEL'S CONSTANT AND ADMITTED LACK OF PREPARATION FOR TRIAL?

2. WHETHER PLEA COUNSEL RENDERED INEFFECTIVE ASSISTANCE TO MR. CROMWELL WHERE COUNSEL'S LACK OF ADVOCACY AND PREPARATION CAUSED MR. CROMWELL TO ENTER AN INVOLUNTARY GUILTY PLEA TO 5 TO 10 YEARS' IMPRISONMENT RATHER THAN FACE A POSSIBLE SENTENCE OF 10 TO 20 YEARS' INCARCERATION?

Appellant's Brief, at 5.

We address Cromwell's second claim of error first. **See** Appellant's Brief, at 29-38. Specifically, Cromwell alleges that trial counsel's poor performance caused Cromwell to enter into an involuntary guilty plea. **See id**., at 30. However, we decline to reach the merits of this argument as it is premature.

Generally, ineffective assistance of counsel claims must be deferred until collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). However, our Supreme Court in **Holmes** set forth two exceptions to the general rule: (1) where the trial court determines that the ineffectiveness claim is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;] or (2) where the trial court finds "good cause" for review and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver

- 3 -

subjects further collateral review to the time and serial petition restrictions of the PCRA." 79 A.3d at 564, 577.

The trial court did not find that Cromwell's ineffectiveness claim was readily apparent from the record. Further, there is no indication in the record that Cromwell made a knowing and intelligent waiver of his entitlement to seek PCRA review. Thus, neither exception is applicable. Accordingly, we dismiss Cromwell's ineffectiveness claims as premature without prejudice to him raising them in a timely collateral proceeding. *See*, *e.g.*, *Commonwealth v. Reid*, 117 A.3d 777, 787 (Pa. Super. 2015) (finding ineffectiveness claims raised on direct appeal were premature pursuant to *Holmes*).

Next, Cromwell challenges the trial court's denial of his request to withdraw his guilty plea. *See* Appellant's Brief, at 5, 16-28. Specifically, Cromwell contends that the coercive atmosphere surrounding his guilty plea, created by "counsel's poor performance, counsel's lack of advocacy throughout the case, counsel's failure to prepare for trial, and the reality that [] Cromwell faced a sentence that could be twice the amount to which he pled guilty," rendered the plea involuntary. *See id*., at 28. Due to these circumstances, Cromwell alleges that the trial court erred by failing to allow Cromwell to withdraw the plea. *See id*.,

"We begin with the principle that a defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." *Commonwealth v. Muhammad*,

- 4 -

794 A.2d 378, 382 (Pa. Super. 2002) (citation omitted). There are two different standards for reviewing requests to withdraw a guilty plea, one for a request to withdraw filed *prior* to sentencing, and one for a request to withdraw filed *after* sentencing. **See Commonwealth v. Flick**, 802 A.2d 620, 623 (Pa. Super. 2002). Here, Cromwell sought to withdraw his guilty plea after sentencing.

Once a court has imposed a sentence, a defendant may withdraw his guilty plea "only where necessary to correct a manifest injustice." **Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa. Super. 2014) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." **Muhammad**, 794 A.2d at 383 (citation omitted). A defendant's disappointment in the sentence imposed does not rise to the level of "manifest injustice." **Id**. (citation omitted).

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

**Commonwealth v. Rush**, 909 A.2d 805, 808 (Pa. Super. 2006) (citation and brackets omitted). "Our law presumes that a defendant who enters a

guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Id*. (citation omitted).

In addressing Cromwell's claim, the trial court provided the following analysis:

> There is no evidence in the record suggesting that [Cromwell] entered his plea involuntarily. On the contrary, the record provides overwhelming evidence supporting the conclusion that [Cromwell] entered his plea knowingly, intelligently, and voluntarily, and that he admitted to committing the offenses and took responsibility for his actions. The court explained [Cromwell's] rights to him, and made certain that there was a factual basis for the plea (Victim's testimony, including cross-examination) and that [Cromwell] understood the nature of the charges and the possible sentences he could receive, as is shown in [Cromwell's] extensive verbal and written colloquies. Therefore, as [Cromwell] did not enter his plea involuntarily, the "manifest injustice" required for a post-sentence withdrawal of a guilty plea does not exist in this case, and the trial court thus did not err in denying [Cromwell's] petition to withdraw his plea.

Trial Court Opinion, 11/10/16, at 8-9 (internal citations to the record omitted).

After carefully reviewing the record, we agree with the trial court's conclusion. Cromwell was advised of his rights and clearly understood the consequences of his guilty plea. Further, the record belies Cromwell's claims that trial counsel's poor performance led to an involuntary guilty plea. Cromwell clearly indicated that he was voluntarily entering into the guilty plea and that he was satisfied with counsel's performance. The totality of the circumstances indicates that Cromwell knowingly, intelligently, and

voluntarily entered into the plea. ***See Rush***, 90 A.2d at 808. Thus, Cromwell

failed to carry his burden of showing "manifest injustice"

    Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/25/2017