J. S21040/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                              :  PENNSYLVANIA

           v.  :

                                              :

BRYANT D. STARLING,  :  No. 2123 EDA 2018
                                              :

         Appellant  :


Appeal from the Judgment of Sentence Entered June 19, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0002623-2018


COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                :  PENNSYLVANIA

           v.  :

                                              :

BRYANT STARLING,  :  No. 2149 EDA 2018
                                              :

         Appellant  :


Appeal from the Judgment of Sentence Entered June 19, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0002747-2016


BEFORE:  STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED JULY 11, 2019**

In this consolidated appeal, Bryant Starling appeals from the June 19, 2018 judgments of sentence entered in the Court of Common Pleas of Delaware County after he entered a negotiated guilty plea to one count each

of retail theft and conspiracy[1] at No. CP-23-CR-0002623-2018 ("2623-2018") for which he received an aggregate sentence 9 to 23 months of incarceration. Appellant's guilty plea resulted in revocation of his probation at No. CP-23-CR-2747-2016 ("2747-2016"). At resentencing on the probation violation at 2747-2016, the trial court sentenced appellant to full back time of 585 days with immediate parole at Count 2 (retail theft) and imposed a new sentence of 18 to 48 months of incarceration at Count 1 (theft by deception[2]) to run consecutive to the sentence imposed at 2623-2018. We affirm.

The trial court set forth the following:

### []2747-2016

On April 25, 2016, [appellant] was arrested and charged with various offenses, based upon accusations made by employees of Lowe's that he had stolen merchandise from its Havertown, PA store. On August 8, 2016, he entered into a negotiated plea agreement and was sentenced to a term of 11.5 to 23 months [of] incarceration on the charge of Theft by Deception and two years [of] consecutive probation on the charge of Retail Theft.

### []2623-2018

On November 4, 2017, while on parole, a Marple Township police officer arrested him for retail theft at a Walmart store. He was charged with Retail Theft, Receiving Stolen Property and two counts of Conspiracy.

---

[1] 18 Pa.C.S.A. §§ 3929(a)(1) and 903, respectively.

[2] 18 Pa.C.S.A. § 3922.

Violation of Probation/Parole

The 2017 arrest came to the attention of the Delaware County Adult Probation and Parole Services Department, which charged him with a violation of his parole/probation. On June 5, 2018, it issued a Gagnon II[3] Hearing Report recommending that (1) on the Retail Theft charge, his probation be revoked and that he be sentenced to a new probationary term of two years, and (2) on the Theft by Deception charge, he be sentenced to full back time of 585 days.

June 19, 2018 Hearing

The Commonwealth and [appellant] struck a deal on the new charges, and on June 19, 2018, [appellant] appeared in court for a plea and sentencing on the charges pending at []2623-2018 and for a Gagnon II/Violation of Probation/Parole hearing on the charges at []2747-2016. Prior to the hearing, [appellant] signed and initialed a "Guilty Plea Statement," which included the following paragraph:

___ 20.     If I was on probation or parole at the time the crimes to which I am pleading guilty or *nolo contendere* were committed, my plea(s) in this case mean that I have violated my probation or parole and I can be sentenced to jail for that violation in addition to any sentences which I may receive as a result of these pleas.

---

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *see also Commonwealth v. Ferguson*, 761 A.2d 613 (Pa.Super. 2000) (explaining that when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (*Gagnon I* hearing) of probable cause to believe violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (*Gagnon II* hearing) follows before the trial court makes final revocation decision).

[Appellant] placed his initials to the left of number "20."

At the hearing, [appellant's] counsel questioned him at length concerning his signing of this document and his agreement to the terms of it. This Court asked [appellant] if he understood that the Court was not bound by any recommendations of the Commonwealth or the Parole/Probation Department concerning the sentence to be imposed for a violation of his parole and probation. [Appellant] answered in the affirmative. This Court then accepted the plea and sentenced [appellant] according to its terms.

At the ensuing Violation of Probation hearing, Defense counsel stipulated "to time, date notice and violations" of the terms of parole and probation. This Court rejected the Probation Department's recommendations and sentenced [appellant] on the 2016 charges as follows: ([1]) on Count 2, Theft by Deception, [appellant] was sentenced to 585 days full back time with immediate parole, and ([2]) on Count 1, Retail Theft, [appellant] was sentenced to a term of incarceration of 18 to 48 months, consecutive to the sentence imposed in the 2017 charges.

[Appellant] and his counsel both strenuously objected to the 18 to 48 month sentence, but this Court insisted that it had advised [appellant] that it was not bound by the recommendations of the Probation/Parole Department. Counsel made an oral motion to withdraw the guilty plea, but that motion was denied because it was "too late."

[Appellant's] counsel then filed written Motions to Withdraw the Guilty Plea and for Reconsideration of Sentence. This Court denied both motions.

On July 18, 2018, [appellant] filed a Notice of Appeal. In his Concise Statement of [Errors] Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b), appellant's] counsel asserts that (1) the guilty plea was not knowingly, voluntarily and intelligently entered into due to the court's imposition of a sentence not in

- 4 -

accordance with the negotiated terms of the plea, and (2) this Court erred when it refused to permit [appellant] to withdraw his plea after sentencing him in a manner "not in conformance with the negotiated plea entered into between his Attorney and the Commonwealth of Pennsylvania."

Trial court opinion, 11/13/18 at 1-3 (record citations omitted). Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

I. WAS THE GUILTY PLEA ENTERED BY THE APPELLANT KNOWING, VOLUNTARY AND INTELLIGENT IN THAT THE APPELLANT ENTERED INTO A NEGOTIATED PLEA AS TO BOTH TRANSCRIPT NUMBERS 2747[-]2016 AND 2623[-]2018 AND THE COURT DID NOT SENTENCE IN CONFORMANCE WITH SAID NEGOTIATED PLEA?

II. WAS THE TRIAL COURT IN ERROR FOR PREVENTING [APPELLANT] TO WITHDRAW HIS GUILTY PLEA AFTER THE SENTENCE IMPOSED WAS NOT IN CONFORMANCE WITH THE NEGOTIATED PLEA ENTERED INTO BETWEEN HIS ATTORNEY AND THE COMMONWEALTH OF PENNSYLVANIA?

Appellant's brief at 4.

"We begin with the principle that a defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." ***Commonwealth v. Muhammad***, 794 A.2d 378, 382 (Pa.Super. 2002) (citation omitted). There are two different standards for reviewing requests to withdraw a guilty plea, one for a request to withdraw filed prior to sentencing, and one for a request to

withdraw filed after sentencing.  ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa.Super. 2002).

Where, as here, a trial court has imposed a sentence, a defendant may withdraw his guilty plea "only where necessary to correct a manifest injustice." ***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa.Super. 2014) (citation omitted).  "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Muhammad***, 794 A.2d at 383 (citation omitted).  A defendant's disappointment in the sentence imposed does not rise to the level of "manifest injustice." ***Id.*** (citation omitted).

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa.Super. 2006) (citation and brackets omitted).  "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." ***Commonwwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003) (citations omitted).

Here, appellant claims that his plea was not entered into knowingly, voluntarily, and intelligently because his sentences on both dockets "were

presented to [him] as a package deal"[4] and because the trial court did not sentence him in accordance with the "package deal," it erred in denying his motion to withdraw his plea. The record, however, belies appellant's contention.

The record reflects that appellant executed a written guilty plea statement wherein he specifically acknowledged that his "plea[] in this case mean[s] that [he] violated [his] probation or parole and [he] can be sentenced to jail for that violation in addition to any sentences which [he] may receive as a result of [his] plea[]." (Appellant's guilty plea statement, 6/19/18 at 2, ¶ 20.)

At the guilty plea hearing that immediately preceded the *Gagnon II* hearing, the Commonwealth read the following recommendation of Delaware County's Probation and Parole Department with respect to resentencing at 2747-2016:

> [THE COMMONWEALTH]: It says -- [appellant's] probation is to be revoked and impose a new sentence of two years' probation and [appellant] is to be released to an available bed date at Coatesville VA. Now -- and he may have to do full back time of 585 days that --
>
> THE COURT: That's what it looks like it says to me.
>
> [THE COMMONWEALTH]: Right. To run concurrent to the sentence imposed on this case -- the new case.

Notes of testimony, 6/19/18 at 8.

---

[4] Appellant's brief at 11.

The following colloquy then took place:

> THE COURT: All right. You understand I'm not bound by the recommendation.
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: Correct?
>
> [APPELLANT]: Um-hum.

*Id.* at 10.

The record reflects that the trial court imposed an aggregate sentence of 9 to 23 months of incarceration at 2623-2018 in accordance with a negotiated guilty plea. Nothing in the record before us, however, supports appellant's contention that he entered his guilty plea at 2623-2018 based on a "package deal" which would result in the imposition of a concurrent two-year probationary term at 2747-2016 in accordance with the recommendation of Delaware County's Probation and Parole Department. Therefore, because the totality of the circumstances surrounding the entry of appellant's guilty plea disclose that appellant fully understood the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea, his plea is valid.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/19