**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE D. IMBALZANO | |
| Appellant | No. 644 MDA 2016 |

Appeal from the Judgment of Sentence August 13, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000191-2015

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED DECEMBER 28, 2016**

Appellant, Wayne D. Imbalzano, appeals from the judgment of sentence entered after he pled guilty to one count of statutory sexual assault, victim under 16 years old and 11 or more years younger than the defendant, and one count of corruption of minors. Imbalzano contends that the trial court erred in refusing to let him withdraw his guilty plea after sentencing, or in the alternative, that the trial court abused its discretion in imposing sentence. After careful review, we affirm.

In September 2014, the Carbondale Police Department charged Imbalzano with statutory sexual assault, aggravated indecent assault, and multiple counts of endangering the welfare of a child and corruption of

---

[*] Retired Senior Judge assigned to the Superior Court.

minors. At a subsequent bail revocation hearing, Imbalzano entered a guilty plea to one count of statutory sexual assault, victim under 16 and 11 years younger than defendant, and one count of corruption of minors.

It is undisputed that Imbalzano is approximately 10 years and 10 months older than the victim, and not 11 years older. However, Imabalzano raised no objection, and the court scheduled a sentencing hearing for several months later.

On the statutory sexual assault charge, the Pennsylvania Sentencing Guidelines recommended an eighteen to thirty month minimum term of imprisonment. The trial court sentenced Imbalzano to a period of imprisonment of five to ten years.

On the corruption of minors charge, the guidelines recommended an aggravated range minimum sentence of twelve months. The trial court sentenced Imbalzano to a period of imprisonment of twelve to twenty-four months.

Imbalzano immediately filed a post-sentence motion seeking withdrawal of his guilty plea and reconsideration of his sentence. The trial court denied the petition, and this timely appeal followed.

On appeal, Imbalzano first argues that the trial court erred in denying him permission to withdraw his guilty plea. "There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant

to do so is a matter within the sound discretion of the trial court." (citation omitted).

A trial court can only grant a post-sentence motion to withdraw a guilty plea upon a showing of prejudice that amounts to "manifest injustice." *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id*. (citation omitted).

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2006) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Id*. (citation omitted).

Imbalzano contends that he cannot have knowingly, intelligently, and voluntarily pled guilty to a crime that he could not have legally committed. Specifically he highlights that the statutory sexual assault charge to which he pled guilty, 18 Pa.C.S.A. § 3122.1B, requires that he was at least eleven

years older than the victim at the time the crime was committed. As noted, it is undisputed that he was not.

"The entry of a negotiated plea is a 'strong indicator' of the voluntariness of the plea." ***Commonwealth v. Reid***, 117 A.3d 777, 783 (Pa. Super. 2015) (citation omitted). At Imbalzano's guilty plea hearing, the prosecutor noted that Imbalzano was "going to stipulate that [section 3122.1B] is the subsection that's applicable in this case and agree to any of the penalties that would come from that particular subsection." N.T., Guilty Plea Hearing, 3/13/15, at 2. Shortly thereafter, the prosecutor explained that "with regard to any additional charges that would have stemmed from the bail violations at this point with the entering of the guilty plea in this matter, … it's a global agreement with regard to any additional charges." ***Id***., at 4. Imbalzano's counsel subsequently stated, "I have heard the terms of the plea agreement. I believe that they're accurate, Your Honor." ***Id***., at 4-5.

While Imbalzano argues that there is no evidence of record that there was a plea agreement, nor any indication of the terms of that agreement, the record does not support his argument. Imbalzano clearly pled guilty pursuant to an agreement with the Commonwealth, and did not object to the terms of the agreement presented to the court. Under these circumstances, we cannot conclude that the trial court abused its discretion in finding that Imbalzano's plea was knowing and voluntary.

In his second issue, Imbalzano argues that the trial court abused its discretion in imposing sentence. He concedes that his argument challenges the discretionary aspects of the trial court's sentence. *See* Appellant's Brief, at 8. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." ***McAfee***, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Id***. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365 (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast

to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits. ***Id***. (citation omitted).

In the present case, Imbalzano's appellate brief contains the requisite Rule 2119(f) concise statement. Furthermore, he preserved his argument against the discretionary aspects of his sentence through a post-sentence motion. Thus, he is in technical compliance with the requirements to challenge the discretionary aspects of a sentence.

Imbalzano argues in his Rule 2119(f) statement that the trial court considered inappropriate factors in imposing a sentence outside the guideline ranges for the statutory sexual assault charge. A claim that the sentencing court imposed a sentence outside of the guidelines without specifying sufficient reasons presents a substantial question for our review. ***See Commonwealth v. Holiday***, 954 A.2d 6, 10 (Pa. Super. 2008). We therefore turn to the merits of Imbalzano's arguments.

Imbalzano specifically argues that the trial court "double-counted" certain factors in arriving at its decision to impose a sentence above the aggravated range of the guidelines. Preliminarily, we note that the trial court had the benefit of a pre-sentence investigation report ("PSI"). ***See*** N.T., Sentencing, 8/13/15 at 14. Where the sentencing court had the benefit of reviewing a PSI, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

> In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted).

In imposing sentence, the trial court noted that Imbalzano was on parole for a similar crime involving a minor victim when he committed the current offenses. *See* N.T., Sentencing, 8/13/15 at 3; 26-28. Furthermore, while on bail pending resolution of the current charges, Imbalzano lured the victim out of her parents' home to have contact with her in the middle of the night. *See id*., at 28. The trial court noted that these circumstances indicated that not only had Imbalzano failed to be rehabilitated, but that he had quickly resumed his predatory tendencies towards minors. *See id*.

These circumstances are certainly sufficient to justify the trial court's departure from the guidelines. Imbalzano has demonstrated that he is a threat to public safety, and that he needs a significant amount of rehabilitation before he can be exposed to the public again. We conclude

that the trial court did not abuse its discretion, and therefore Imbalzano's final argument merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Platt joins in the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/2016