J-S15014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANGEL FELICIANO | |
| Appellant | No. 1781 EDA 2016 |

Appeal from the Judgment of Sentence February 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009715-2012

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 22, 2017**

Angel Feliciano appeals *nunc pro tunc* from the judgment of sentence of twenty-five to fifty years imprisonment that was imposed after he entered a negotiated guilty plea to third-degree murder, conspiracy, and possession of an instrument of crime ("PIC").  Stephen O'Hanlon, Esquire, has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition and affirm.

The trial court succinctly summarized the factual basis for the guilty plea as follows:

In mid-January, 2010, defendant was involved in a dispute over drug territory with the decedent, Kenneth Rolon. On January 22, 2010, defendant was a passenger in a car being driven by his co-defendant, Willey Ortiz,[1] when defendant saw Rolon standing on a street corner. Ortiz pulled over to the corner and waved Rolon over to the car. When Rolon approached the car, defendant fired a .25 caliber pistol in Rolon's chest, killing him. N.T.[,] 2/3/14[,] at 34-37.

Trial Court Opinion, 6/29/16, at 2-3.

The trial court accepted Appellant's plea of guilty to third-degree murder, conspiracy, and PIC, and immediately imposed the negotiated aggregate sentence of twenty-five to fifty years incarceration. Specifically, Appellant received twenty to forty years imprisonment for murder and a consecutive term of five to ten years for conspiracy. No further penalty was imposed on PIC. The aggregate sentence was imposed concurrently with a sentence Appellant was then serving.

Appellant filed a post-sentence motion seeking to withdraw his guilty plea. The trial court denied the petition on April 15, 2014, and we dismissed the ensuing appeal due to Appellant's failure to file a brief. However, after Appellant filed a timely PCRA petition with the assistance of appointed counsel, Attorney O'Hanlon, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a timely appeal. In his

---

[1] A jury convicted Ortiz of third-degree murder, and we affirmed the ensuing twenty-to-forty-year term of imprisonment imposed by the trial court. **Commonwealth v. Ortiz**, 125 A.3d 438 (Pa.Super. 2015) (unpublished memorandum filed).

statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant renewed his assertion that the trial court erred in denying his post-sentence petition to withdraw the guilty plea.

On October 11, 2016, Attorney O'Hanlon filed with this Court a petition to withdraw from representation pursuant to **Anders**, and he filed a **Santiago** brief outlining the claims that Appellant sought to assert on appeal and explaining why each was frivolous. Appellant has not responded to Attorney O'Hanlon's petition to withdraw. As we may not address the merits of this appeal without first reviewing the request to withdraw, we review counsel's petition at the outset. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*).

In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. **Id**.

Attorney O'Hanlon's petition to withdraw sets forth that he made an extensive review of the record and applicable law and concluded that the appeal was wholly frivolous. He informed Appellant that he was seeking to withdraw and furnished him with a copy of the **Anders** brief. Further,

counsel told Appellant that he had the right to retain new counsel or could proceed on a *pro se* basis and raise any additional issues he deemed worthy of this Court's review. A copy of counsel's letter to Appellant is appended to the petition to withdraw. Thus, counsel complied with the procedural aspects of **Anders**.

We must now examine whether counsel's **Anders** brief meets the substantive elements of **Santiago**. Pursuant to **Santiago**, an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

In his brief, counsel summarized the factual and procedural history of the case and referenced the portions of the record that ultimately fail to support any issues of merit. Counsel delineated case law regarding post-sentence requests to withdraw guilty pleas that establishes that Appellant's issue is frivolous. Thus, the brief is compliant with **Santiago**.

Next, we consider the issue raised in the **Anders** brief, which challenges the validity of Appellant's guilty plea, *i.e.*, whether Appellant knowingly, intelligently, and voluntarily entered the guilty plea. Specifically,

Attorney O'Hanlon queries whether the trial court erred in rejecting Appellant's post-sentencing request to withdraw his negotiated guilty plea. *See Anders* brief at 8-11.

In **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa.Super. 2003) (citations and quotation marks omitted), we observed as follows:

> There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute manifest injustice.

The instant issue implicates the propriety of the trial court's plea colloquy. Prior to accepting a guilty plea, a trial court is required to conduct an on-the-record plea colloquy, which inquires into the following areas:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

- 5 -

*Id*. at 522-523; Pa.R.Crim.P. 590(b); *see also Commonwealth v. Rush*, 909 A.2d 805 (Pa.Super. 2006).

Moreover,

> The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences.  Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him.  In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea.  Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212-1213 (Pa.Super. 2008) (citations and internal quotations omitted).

During the plea colloquy in the case *sub judice*, Appellant confirmed that he read, understood, and executed the written guilty plea colloquy. N.T., 2/3/14, at 26-27.  Appellant stated that he did not have questions about the written document and that he signed it of his free will.  *Id*. at 27. During the trial court's oral colloquy, Appellant stipulated to the Commonwealth's factual basis for the guilty plea, and verified that he was offering the guilty plea because he committed the alleged offenses.  *Id*. at 34-37.  The court informed Appellant of the permissible range of sentences and discussed his potential sentencing exposure.  *Id*. at 25-27.  It advised Appellant of his right to a jury trial and the concomitant procedural rights he

would be permitted to exercise during trial. *Id*. at 28-29. Next, the trial court explained the nature, elements, and grading of the offenses, and outlined the presumption of innocence and the Commonwealth's burden of proof. *Id*. at 29-34. Finally, Appellant confirmed that he was satisfied with counsel's representation and reiterated that he was entering into the guilty plea freely and voluntarily. *Id*. at 42-43. Thereafter, the trial court accepted Appellant's guilty plea as voluntary, knowing, and intelligent. *Id*. at 43. In light of the foregoing evidence, we conclude the certified record demonstrates that the trial court complied with the requirements outlined in *Pollard*, *supra* and the comment to Rule 590(b).

We have independently reviewed the certified record and found no other preserved issues that would arguably support the direct appeal. Having addressed the issue that might arguably support this appeal and independently reviewed the certified record, we agree with Attorney O'Hanlon's position that the direct appeal is wholly frivolous. Accordingly, we grant counsel's petition to withdraw pursuant to *Anders*, *supra*, and *Santiago*, *supra*.

Stephen O'Hanlon's petition to withdraw from representation is granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2017