J-S38018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC ALEXANDER CARBONI | : | |
| | : | |
| Appellant | : | No. 455 EDA 2025 |

Appeal from the PCRA Order Entered January 14, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006340-2022

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED DECEMBER 9, 2025**

Appellant, Dominic Alexander Carboni, appeals from the order entered in the Montgomery County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> On June 23, 2023, Appellant entered into a negotiated guilty plea to two counts of first-degree murder, robbery—serious bodily injury, and conspiracy to commit robbery—serious bodily injury.[2] During the colloquy, pertinent to this appeal, the Commonwealth reviewed the maximum penalties Appellant would face should he go to trial as follows:

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The Commonwealth *nolle prossed* 12 additional charges in exchange for Appellant's plea.

> Q. Sir, do you understand that the guidelines here are, for murder of the first degree, are 192 months to a sentence of life; do you understand that?[3]
>
> A. Yes.
>
> Q. Do you understand that you have one charge [of robbery], the guidelines there are 72 to 90 months, maximum exposure for that charge is ten to 20 years in jail?
>
> A. Yes.
>
> Q. Do you understand the conspiracy to robbery F1 charge is the same thing, 72 to 90 months, the maximum exposure is 10 to 20 years in jail?
>
> A. Yes.

(N.T., Guilty Plea and Sentencing, 6/23/23, p. 12). At the conclusion of the colloquy, this [c]ourt accepted his guilty plea. *Id.* at 14. Immediately following, Appellant was sentenced to the agreed to sentence term of 32½ to 65 years' imprisonment. *Id.* at 15. No appeal followed.

On June 27, 2024, Appellant filed a *pro se* PCRA petition. PCRA counsel was appointed and on September 2, 2024, counsel filed a First Amended PCRA Petition. Therein it was alleged that Appellant was misadvised by trial counsel that if convicted at trial he faced a mandatory sentence of life without the possibility of parole, and that no other outcome was possible. *Id.* at ¶¶4, 5, 10. The Commonwealth filed an Answer and Motion to Dismiss Appellant's Amended PCRA Petition on November 25, 2024. Based upon a review of the petition, the answer, and the entirety of the record, this [c]ourt issued a Rule 907 Order on December 3, 2024, notifying Appellant of this [c]ourt's intent to dismiss his petition without a hearing and of his right to respond to the notice.

---

[3] Prior to this exchange, the court noted that the guidelines were reflective of Appellant's age. Notably, Appellant was 17 years old at the time of the offenses at issue.

On December 13, 2024, PCRA counsel filed a Memorandum of Law in Opposition to the Motion to Dismiss of the Commonwealth and in Support of the Post-Conviction Relief Act Petition. This [c]ourt reviewed this filing prior to issuing its final order. Therein, counsel stressed that [Appellant] was "**misadvised by his attorneys** ..." *Id.* at p. 3 (emphasis in the original). Further, counsel stated that Appellant was told by "someone other than his own two attorneys that (1) there exists something called 'guidelines,' as [a] legal term that was not defined or described to Petitioner by his counsel or counsel for the Commonwealth; and, (2) that those 'guidelines' appeared to apply in the context of a plea hearing." *Id.* at p. 4. Counsel further alleged that based on misadvi[c]e of his own counsel he was under the incorrect impression that he would receive life without parole if found guilty at trial. *Id.*

On January 14, 2025, a final order of dismissal was issued. A timely notice of appeal was filed [on February 10, 2025, and subsequent concise statement of errors per Pa.R.A.P. 1925(b) was filed on March 3, 2025].

(PCRA Court Opinion, filed 4/14/25, at 1-3).

Appellant raises one issue for our review:

Whether the [PCRA] court committed legal error where the [PCRA] court denied Appellant's petition for post-conviction relief without an evidentiary hearing when the petition presented factual allegations related to mis-advice Appellant received from trial counsel regarding the statutory maximum sentence Appellant faced which, if believed, would result in an involuntary, unintelligent, and unknowing guilty plea due to the ineffective assistance of counsel?

(Appellant's Brief at 2).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error."

***Commonwealth v. Parker***, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021). Further, a PCRA petitioner is not entitled to a hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012).

Appellant argues that he was misadvised by his attorneys on the evening prior to trial that he would face a mandatory term of life without the possibility of parole if he proceeded to trial and was convicted of first-degree murder. Appellant emphasizes that the record contains no evidence rebutting Appellant's claim. Appellant asserts that without an evidentiary hearing, the court had no way to test the veracity of Appellant's averments about the misinformation given by his attorneys. Appellant contends that if he knew that the penalty he faced at trial might have been something other than life imprisonment without the possibility of parole that he would have proceeded to trial to challenge the Commonwealth's evidence and assert self-defense. Appellant maintains that the attorneys misadvised him based on their lack of knowledge about the actual range of permissible sentences that Appellant

- 4 -

faced. Appellant insists that counsel lacked a reasonable basis for their inaccurate legal advice to Appellant. Appellant proclaims that he suffered prejudice as evidenced by the record which shows that Appellant was ready to proceed to trial until the time when his attorneys provided the inaccurate advice. Appellant avers that it was not until after receiving the erroneous advice of trial counsel that he entered an involuntary, unknowing, and unintelligent guilty plea. Appellant concludes the PCRA court erred in denying relief on these grounds, and this Court must grant relief. We disagree.

"Counsel is presumed to have rendered effective assistance." **Commonwealth v. Hopkins**, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. **Commonwealth v. Chmiel**, 612 Pa. 333, 30 A.3d 1111 (2011).

This Court has explained:

> In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. A defendant is bound by the statements which he makes during his plea colloquy. As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa.Super. 2017) (internal citations and quotation marks omitted). Further, in determining "a defendant's actual knowledge of the implications and rights associated with a … plea, a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Allen*, 557 Pa. 135, 146, 732 A.2d 582, 588-89 (1999).

Our Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; (6) that the judge is not bound by the terms of any plea agreement unless the judge accepts the agreement; and (7) that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally. *See*

***Watson, supra*** at 796-97. ***See also*** Pa.R.Crim.P. 590, *Comment*.

Additionally, this Court may consider a written guilty plea as a supplement to

an oral plea colloquy when evaluating the voluntariness of the plea. ***See***

***Commonwealth v. Bedell***, 954 A.2d 1209 (Pa.Super. 2008), *appeal denied*,

600 Pa. 742, 964 A.2d 893 (2009). A guilty plea will be deemed valid if an

examination of the totality of the circumstances surrounding the plea shows

that the defendant had a full understanding of the nature and consequences

of his plea such that he knowingly and intelligently entered the plea of his own

accord. ***Commonwealth v. Rush***, 909 A.2d 805 (Pa.Super. 2006).

Instantly, the PCRA court explained its rationale for denying relief as

follows:

> In this case, Appellant cannot demonstrate prejudice. The
> colloquy establishes that Appellant was made aware of the
> maximum penalties for each of the charges he was pleading
> guilty to. Regardless that it was the Commonwealth who
> stated the maximum penalties, they were stated on the
> record, and Appellant affirmatively agreed that he
> understood these. "A person who elects to plead guilty is
> bound by the statements he makes in open court while
> under oath and he may not later assert grounds for
> withdrawing the plea which contradict the statements he
> made at his plea colloquy." ***Commonwealth v. Pollard***,
> 832 A.2d 517, 523 (Pa.Super. 2003). Appellant's claim in
> his PCRA petition that he did not understand the legal term
> "guidelines" and that it was not defined or described to him
> is also belied by the record. The Commonwealth stated the
> penalties in terms of guideline ranges, and that those
> penalties meant time spent in jail. Appellant acknowledged
> that he understood, and Appellant is bound by these
> statements.
>
> Further, Pa.R.Crim.P. [590], comment, which sets forth the
> minimum requirements for an intelligent, knowing, and

voluntary plea, requires the trial court should determine, *inter alia*, whether the defendant understands the permissible range of sentences. **Commonwealth v. Hart**, 174 A.3d 660, 667-68 (Pa.Super. 2017) (citations omitted). There is no requirement in Rule 590, that governs pleas and plea agreements, that it is plea counsel that must state on the record the maximum sentences. Rather, it could be plea counsel, the Commonwealth, or the Court. What is required that the maximum penalties are stated on the record and that a defendant understands those. It is of no moment that it was the Commonwealth who set forth this information. Therefore, Appellant's plea was properly accepted as knowing, intelligent, and voluntary.

Finally a hearing was not necessary. … In this case, this [c]ourt was able to determine that Appellant did not suffer prejudice even if he was misadvised. The Commonwealth clearly set out the maximum penalties and Appellant stated he understood. Therefore, a hearing was not necessary to make this determination.

(PCRA Court Opinion at 5-7).

Our review of the record supports the court's analysis. **See Parker, supra**. Here, the oral plea colloquy confirms that the Commonwealth's attorney advised Appellant of the permissible range of sentences he faced if he proceeded to trial, and that the minimum sentence for a first-degree murder conviction would be less than life imprisonment without the possibility of parole, based on his age at the time of the offenses. (**See** N.T. Guilty Plea Hearing, 6/23/23, at 12).[4] Appellant confirmed that he understood. (**See id.**)

---

[4] We reiterate that the record indicates that Appellant was 17 years old at the time of the offenses. The Commonwealth's attorney informed Appellant that he could face a sentence of 192 months (or 16 years) to life imprisonment for a first-degree murder conviction if he proceeded to trial. Nevertheless, "[a] person who has been convicted after June 24, 2012, of a murder of the first

*(Footnote Continued Next Page)*

Thus, even if Appellant's attorneys had provided misinformation the night prior to the entry of his guilty plea, the dialogue between the Commonwealth's attorney and Appellant the next day made clear that Appellant understood he could face a lesser sentence than life imprisonment if convicted at trial. Appellant is bound by the statements he made at the plea hearing. **See Orlando, supra**; **Pollard, supra**. On this record, we agree with the PCRA court that Appellant cannot demonstrate prejudice to satisfy his ineffectiveness claim. **See Chmiel, supra**; **Sandusky, supra**. Further, we agree with the PCRA court that an evidentiary hearing was not required under these facts. **See Wah, supra**. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/9/2025

---

degree…who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life." 18 Pa.C.S.A. § 1102.1(a)(1). Thus, the Commonwealth's attorney improperly informed Appellant that he could face an even lesser sentence than allowable by law if he proceeded to trial and was convicted. Yet, Appellant still opted to plead guilty. Consequently, the Commonwealth's mistake here does not change our disposition.